**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JAMES ALLEN MORRIS**                                               **PLAINTIFF**

**V.**                                                                    **NO. 4:25-CV-101-DMB-DAS**

**PROGRESSIVE GULF
INSURANCE COMPANY;
HALEY FREEMAN-LONG,**
**Adjuster**                                                         **DEFENDANTS**

**ORDER**

James Allen Morris objects to United States Magistrate Judge David A. Sanders' report recommending that his application to proceed in forma pauperis be denied and this case be dismissed. Because Morris' objections will be overruled in part, the report will be adopted in part, Morris' in forma pauperis application will be granted, and this case will be dismissed without prejudice.

**I
Background and Procedural History**

**A. Complaint and Show Cause Order**

On July 2, 2025, James Allen Morris filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Progressive Gulf Insurance Company and Haley Freeman-Long. Doc. #1. Asserting diversity jurisdiction, Morris alleges that he is a citizen of Mississippi, Freeman-Long is a citizen of Florida,[1] Progressive is incorporated under the laws of Tennessee, and the amount in controversy is satisfied "[b]ecause [he is] seeking $100,000 in punitive and compensatory damages." *Id.* at PageID 3, 5. In his complaint, Morris alleges that

---

[1] Morris used a form to prepare his complaint. Doc. #1. In the section listing the parties, Morris provides a Tennessee address for Freeman-Long. *Id.* at PageID 2. But in the diversity of citizenship section, he clearly states that Freeman-Long is a Florida citizen. *Id.* at PageID 3.

"[his] rental apartment was broken into;" "[he] had rental insurance coverage thru Progressive;" and Freeman-Long, a Progressive adjuster, "did partially settle [his] claim by cherry picking what she would pay [him] for … but refused any payment for [his] jewelry because of no receipts and/or unclear receipts." *Id.* at PageID 4, 5 (spelling error in original). Morris seeks "compensatory damages in the amount of $12,000.00 and punitive damages in the amount of $88,000.00." *Id.* at PageID 5. The same day he filed the complaint, Morris also filed an application to proceed in forma pauperis. Doc. #2.

On August 14, United States Magistrate Judge David A. Sanders ordered Morris to show cause within fourteen days "why this matter should not be dismissed based on the absence of diversity jurisdiction under 28 U.S.C. § 1332," and to submit:

> (1) a response sufficiently alleging both [Progressive]'s state of incorporation and principal place of business at the time of the filing; (2) the citizenship of Freeman-Long at the time of filing; and (3) setting forth factual allegations showing that the denial of payments on the jewelry and other items claimed was done without an arguable reason, but rather based on malice or gross neglect. *He shall also submit … a motion for leave pursuant to 28 U.S.C. § 1653 to amend the jurisdictional allegations to adequately allege diversity jurisdiction addressing both the citizenship of the parties and the amount in controversy.*

Doc. #4 at 6 (emphasis added).

Morris timely responded to the show cause order on September 18.[2] Doc. #9. In his show cause response, Morris asserts that "[Progressive's] principle place of business … is located in … Florida;" "Freeman-Long … is located [in] TN … and … Fl.;" "[t]he defendants know that settlement adjusters and most lawyers normally will not take a indigent plaintiff case when compensatory damages are small;" "[t]he policy contract do not exclusively require store receipts as the only acceptable proof of ownership [n]or, prohibit sworn statement evidence [and he] invited defendants to contact legible jewelry shops phone numbers on receipts to verify a lawfull

---

[2] Judge Sanders granted Morris' request for an extension to respond. Doc. #7.

purchase;" and his "$88,000.00 punitive damages amount should not be minimized … without a response from defendants and rebuttal briefing."[3]  *Id.*  at PageID 49–51 (spelling and grammatical errors in original).

## B.  R&R

On September 25, Judge Sanders issued a report ("R&R") recommending that Morris' motion to proceed in forma pauperis be denied and this case be dismissed.  Doc. #10.  As to Morris' in forma pauperis application, the R&R states that "[a]side from determining whether a plaintiff meets the financial prerequisites to proceed in forma pauperis, a plaintiff must also establish that he has not raised a frivolous or malicious claim or a claim that fails to state a claim on which relief may be granted."  *Id.* at PageID 56–57 (emphasis omitted) (citing 28 U.S.C. § 1915(e)(2)).

Regarding subject-matter jurisdiction, the R&R found that Morris "failed to properly allege this court has jurisdiction over this case because he has failed to allege facts that show his citizenship is different than all the defendant's [sic]," pointing out that "*location* is not synonymous with citizenship;" "[e]ven if Morris properly alleged diversity of citizenship," "the jurisdictional amount can only be met in this case by stating a plausible claim for punitive damages" and Morris' "contractual obligation to provide an inventory and 'bills, receipts and related documents' undermines the bad faith claim;" and Morris "did not submit a motion for leave to amend his complaint as required by the show cause order" and "[w]ithout amendment, the jurisdictional allegations of the complaint remain deficient."[4]  *Id.* at 56, 58–59 (emphasis in original).

---

[3] For his last assertion, Morris cites *Wal-Mart Stores E., LP v. Howell*, 899 S.E.2d 524 (Ga. Ct. App. 2024).  A case from the Georgia Court of Appeals is not binding on this Court.

[4] The R&R also found that "the additional allegations in the response to the show cause order, even if incorporated into a motion to amend and proposed amended complaint, do not cure the jurisdictional deficiencies."  Doc. #10 at PageID 59.

**C. Objections to R&R**

Morris filed objections to the R&R on October 6.  Doc. #11.  As his objection to the recommendation that his in forma pauperis application be denied, Morris maintains that "[t]he controversial value and lost of [his] jewelry that was suppose to be covered by his contract is not frivolous nor malicious under contract law and his complaint and exhibits makes a prima facie showing."  *Id.* at PageID 64 (grammatical errors in original).

As to the recommendation that his complaint be dismissed for failure to establish diversity jurisdiction, Morris, without citing authority, submits that "[s]ome appeallate courts has made it clear that 28 U.S.C. 1653 'is intended to prevent the dismissal of cases on purely technical grounds when underlying jurisdictional issues may allow the case to proceed;'" "[his] complaint and exhibits clearly show the defendants do not have a Mississippi office or domicile [and] 28 USC 1332 required nothing more as to diversity;" as to bad faith, "the defendants should have to explain why sworn statements for jewelry was not accepted when the contract/policy do not exclude such evidence [and] why receipts can't be accepted because they are in bad shape but still legible;" "thru discovery, [he] can prove diversity, and by interrogatories and/or depositions [he] can prove a legitimate purchase and ownership;" and as to his failure to comply with the show cause order's instructions to submit a motion for leave to amend his complaint, "[he] is a pro se layman who could also have label his motion to show cause a motion to also amend [and t]he law is well settle that no matter what label a pro se petitioner uses … the court must properly construe the label."  *Id.* at PageID 63–65 (spelling and grammatical errors in original).

**II**
**Standard**

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made."  "[P]lain error review applies where

4

… a party did not object to a magistrate judge's findings of fact, conclusions of law, or recommendation to the district court despite being 'served with notice of the consequences of failing to object.'" *Ortiz v. City of S.A. Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015) (quoting *United States ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202, 205 n.2 (5th Cir. 2013)). "Frivolous, conclusive, or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987) (internal quotation marks omitted) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir. 1982) (en banc).

**III**
**Analysis**

**A. In Forma Pauperis Application**

"[Section] 1915(d) authorizes federal courts to dismiss a claim filed *in forma pauperis* '… if satisfied that the action is frivolous or malicious.'" *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (emphasis in original). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Id.* at 325. When applied to a complaint, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

To establish his breach of contract claim against Progressive, Morris must show "(1) the existence of a valid and binding contract, and (2) … that the defendant[s have] broken, or breached it." *Watkins & Eager, PLLC v. Lawrence*, 326 So. 3d 988, 991 (Miss. 2021)[5] (citations and internal quotation marks omitted).

In his complaint, Morris claims Progressive breached the insurance contract when "Adjuster Haley [Freeman-Long] refused to pay anything toward [his] jewelry, which was [] a covered loss." Doc. #1 at PageID 4. Because Morris attached to his complaint proof that

---

[5] Based on the documents submitted, the Court cannot determine if a choice-of-law provision is in the contract between Morris and Progressive. *See generally* Doc. #1-3. So, in this diversity action, the Court applies the law of the forum state. *84 Lumber Co. v. Cont'l Cas. Co.*, 914 F.3d 329, 333 (5th Cir. 2019).

5

Progressive acknowledged his claim with a payment of $882.13, Morris has shown a contract between him and Progressive existed. Doc. #1-3 at PageID 13. And by alleging Progressive wrongfully refused to reimburse him for the cost of his stolen jewelry—whether or not the allegation is true—Morris has sufficiently pled a breach such that his breach of contract claim is not frivolous. Further, since there is nothing indicating Morris brought the claim maliciously, the Court sustains Morris' objection to the recommendation that his in forma pauperis application be denied.

## B. Subject-Matter Jurisdiction

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Diversity jurisdiction requires (1) complete diversity between the parties, and (2) an amount in controversy more than $75,000. 28 U.S.C. § 1332. "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (internal quotation marks omitted) (quoting 5 WRIGHT & MILLER'S FEDERAL PRACTICE AND PROCEDURE § 1206 (4th ed. 1969)).

### 1. Complete diversity

"Parties are completely diverse if 'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'" *PNC Bank, Nat'l Ass'n v. 2013 Travis Oak Creek, L.P.*, 136 F.4th 568, 572 (5th Cir. 2025) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). To allege the citizenship of a corporation, a plaintiff "must set forth the state of incorporation as well as the principal place of business." *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). To allege an individual's citizenship, a plaintiff must set forth the state of domicile. *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) ("A United States citizen

6

who is domiciled in a state is a citizen of that state."). Domicile is established by showing the individual's "physical presence in a place in connection with a certain state of mind concerning [their] intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

Morris' complaint alleges he is a Mississippi citizen, Progressive is a Tennessee corporation, and Freeman-Long is a Florida citizen. Doc. #1 at PageID 3. In his response to the show cause order regarding Progressive, he states that Progressive's "principle [sic] place of business is not located in the state of Miss., but is located in Riverview, Florida at 430 Crescent Park Drive, Bldg. B. Riverview, Florida 33578." Doc. #9 at PageID 49. So as to Progressive, Morris' show cause response sufficiently addresses the deficiency in his complaint.

As to Freeman-Long, Morris' complaint alleges that she "is a citizen of the State of Florida." Doc. #1 at PageID 3. Morris thus adequately asserts citizenship for Freeman-Long.

Because Morris affirmatively and distinctly alleges that he is a citizen of Mississippi, Progressive is a citizen of Tennessee and Florida, and Freeman-Long is a citizen of Florida, he has sufficiently pled complete diversity of citizenship.

### 2.  Amount in controversy

Diversity jurisdiction is limited to those "civil actions where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). Claims for punitive damages are included in the amount in controversy calculation. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages—just not interest or costs.") (emphasis in original); *Myers v. Guardian Life Ins. Co. of Am., Inc.*, 5 F. Supp. 2d 423, 428–29 (N.D. Miss. 1998). "In the typical diversity case, the

plaintiff remains the master of his complaint" because "[i]n order for a court to refuse jurisdiction, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1983)).

For breach of contract claims, "when the focus is a monetary remedy, that remedy must be such that the breaching party is not charged beyond the trouble his default caused." *Frierson v. Delta Outdoor, Inc.*, 794 So. 2d 220, 225 (Miss. 2001). For that reason, "Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed with caution and within narrow limits." *Warren v. Derivaux*, 996 So. 2d 729, 738 (Miss. 2008) (internal quotation marks omitted) (quoting *Life & Cas. Ins. of Tenn. v. Bristow*, 529 So. 2d 620, 622 (Miss. 1988)). Punitive damages are appropriate only where the plaintiff "prove[s] by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." MISS. CODE ANN. § 11-1-65(1)(a).

Morris' complaint contains no factual allegations that would support an award of punitive damages under Mississippi law. At no point does Morris allege actual malice, gross negligence, or actual fraud. To the contrary, the complaint alleges that Freeman-Long "did partially settle [Morris'] claim." Doc. #1 at PageID 4. And attached to the complaint is a letter Morris received from Freeman-Long stating that "[o]nce proof of ownership is received, the property can be reassessed for potential coverage," Doc. #1-3 at PageID 13, which shows she was willing to reimburse Morris for the jewelry once he provided her with acceptable proof of ownership. Moreover, because the burden of establishing jurisdiction rests with Morris, *see New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008) ("The party seeking to assert

federal jurisdiction … has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists."), he is incorrect that "[t]he defendants should have to explain why sworn statements for jewelry was not accepted when the contract/policy do[es] not exclude such evidence [and] why receipts can't be accepted because they are in bad shape but still legible." Doc. #11 at PageID 64. Thus, Morris falls short of the factual allegations required to support an award of punitive damages. Consequently, Morris has not established the requisite amount in controversy.

### 3. Failure to comply with court order

Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss an action if the plaintiff fails to comply with a court order. However, "[a] dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

While true that it is the substance of the relief sought by a pro se motion that determines how a court should construe the motion—rather than the label or title of the motion[6]—the substance of Morris' response to the show cause order does not indicate he was seeking leave to amend his complaint.[7] Morris' failure to seek leave to amend his complaint means that he failed to comply with an order of the Court. However, there is no evidence this failure was the result of purposeful delay or contumaciousness by Morris.

---

[6] *See, e.g.*, *Hernandez v. Thaler*, 630 F.3d 420, 426–27 (5th Cir. 2011) (petition for writ of habeas corpus can be construed as motion under Federal Rule of Civil Procedure 60(b)(6) based on substance of petition).

[7] Even if the Court deemed Morris' show cause response to be a request to amend, it would be denied due to Morris' failure to comply with Local Rule 15's requirement to attach the proposed amended pleading as an exhibit to the motion to amend.

#### 4. Summary

Though Morris adequately alleged diversity of citizenship, his breach of contract claim does not satisfy the requisite amount in controversy for diversity jurisdiction and, regardless, Morris failed to comply with the show cause order's instruction that he seek leave to amend his complaint. So, the Court overrules Morris' objection to the recommendation that his complaint be dismissed for lack of subject-matter jurisdiction. Dismissal of the complaint, however, will be without prejudice.

### IV
### Conclusion

Because the Court, upon conducting a de novo review, concludes that (1) Morris' claim is not frivolous, and (2) Morris failed to establish subject-matter jurisdiction, including by not complying with the order to seek leave to amend his complaint:

1. Morris' objections are **SUSTAINED in Part and OVERRULED in Part**. The objections are SUSTAINED only as to recommendation that Morris' in forma pauperis application be denied. The objections are OVERRULED in all other respects.

2. The R&R [10] is **ADOPTED in Part and REJECTED in Part**. The R&R is REJECTED to the extent it recommends Morris' in forma pauperis application be denied. The R&R is ADOPTED in all other respects.

3. Morris' application to proceed in forma pauperis [2] is **GRANTED**. However, this case is **DISMISSED without prejudice**. A judgment will be issued.

**SO ORDERED**, this 9th day of April, 2026.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

10